THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL COLEMAN, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. _____ |
| | § | |
| v. | § | |
| | § | |
| REGIONS FINANCIAL | § | |
| CORPORATION, | § | |
| | § | COLLECTIVE ACTION |
| | § | |
| Defendant. | § | |

ORIGINAL COLLECTIVE ACTION COMPLAINT
SUMMARY OF SUIT

1.    Plaintiff Michael Coleman ("Coleman") is employed by Regions Financial Corporation (the "Company") as a mortgage loan officer.  Coleman, a non exempt employee, is not paid overtime compensation for any hours worked over forty (40) in a workweek. Additionally, Coleman's pay structure is such that on a number of occasions, the Company has failed to pay Coleman minimum wage.

2.    Accordingly, Coleman brings this action to recover unpaid wages, unpaid overtime wages, liquidated damages, and attorneys' fees owed to him and all other similarly situated employees under the provisions of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 216(b)(2010).

JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction under 29 U.S.C. § 216(b)(2010) and 28 U.S.C. §§ 1331 and 1367 (2010).

3.    Coleman files this Complaint in the district in which a

substantial part of the events or omissions giving rise to the claims occurred, and in which the Company resides. As such, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2010).

THE PARTIES

4.    Coleman was employed by the Company during the three (3) year period preceding the filing of this Complaint. Coleman was employed as a mortgage loan officer. Coleman regularly worked more than forty (40) hours per week and, in performing his duties, Coleman was engaged in commerce or the production of goods for commerce.

5.    Regions Financial Corporation is a foreign corporation licensed to operate in Texas, and is an enterprise engaged in commerce or the production of goods for commerce. Regions Financial Corporation has acted, directly or indirectly, in the interest of an employer with respect to Coleman and the Members of the Class. Regions Financial Corporation may be served with citation by serving its registered agent for service of process, CT Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.

6.    The "Members of the Class" are all current and former mortgage loan officers who were employed by the Company during the three (3) year period preceding the filing of this Complaint. Like Coleman, these individuals engaged in commerce or in the production of goods for commerce in performing their duties for the Company.

These similarly situated persons are referred to as "Members of the Class" or the "Class."

## BACKGROUND

7.    The Company is a bank holding company that performs commercial banking operations, mortgage banking, leasing, investment banking services, as well as other banking services.

8.    Coleman was employed by the Company as a mortgage loan officer. Although Coleman regularly worked in excess of forty (40) hours per week, he was not paid for all hours worked. In addition, Coleman was not paid at one-and-one-half times his regular rate of pay for hours worked in excess of forty (40) hours each workweek.

9.    Other mortgage loan officers employed by the Company were not paid for all hours worked each week. In addition, in spite of the fact that they regularly worked in excess of forty (40) hours per week, these mortgage loan officers were not paid at one-and-one-half times their regular rate of pay for all such hours.

## PLAINTIFF'S ALLEGATIONS

### Failure To Pay Minimum Wage

10.    Defendant regularly refused to compensate Coleman for all hours worked each week. In fact, the Company has threatened to pursue former employees if they have not re-paid the Company for all wages advanced by the Company upon termination of employment. No justification or excuse exists for the Company's practice of failing to compensate Coleman at a rate that was effectively below

-3-

minimum wage for all work performed each week.

### Failure To Pay Overtime Wages

11. As a non exempt employee, Coleman was entitled to be paid at time-and-one-half his appropriate hourly rate for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C.A. § 207(a)(2010). Accordingly, the Company's practice of failing to pay Coleman time-and-one-half his appropriate regular hourly rate for all overtime hours worked was and is in violation of the FLSA.

12. No exemption excuses the Company from paying Coleman overtime rates for all hours worked over forty (40) hours per week. Nor has the Company made a good faith effort to comply with the FLSA. As such, the Company knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Coleman.

### COLLECTIVE ACTION ALLEGATIONS

13. Other employees have been subjected to the Company's pay practices and policies which are in willful violation of the FLSA. Many of these employees have worked with Coleman. Thus, Coleman is aware that the illegal practices or policies of the Company have been imposed on the Members of the Class.

14. The Members of the Class are similarly situated to Coleman in that they perform or performed the same or similar tasks. Accordingly, the employees subjected to the Company's unlawful practices are similarly situated to Coleman in terms of

-4-

their job duties.

15. Further, each member of the class was paid according to a common payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

16. The Company's failure to pay both minimum wage and overtime compensation as required by the FLSA results from a generally applicable policy which does not depend on the personal circumstances of the Members of the Class. This generally applicable policy is specifically prohibited by the FLSA. Thus, Coleman's experiences are typical of the experiences of the Members of the Class.

17. No justification exists for the Company's failure to pay the Members of the Class for all hours worked each day. Additionally, no exemption excuses the Company from paying the Members of the Class overtime pay for all hours worked over forty (40) per workweek. Nor has the Company made a good faith effort to comply with the FLSA. As such, the Company knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding minimum wage and overtime compensation with respect to the Members of the Class.

18. Accordingly, the class of similarly situated plaintiffs is properly defined as:

All current and former full-time mortgage loan officers employed by the Company during the three-year period preceding the filing of this Complaint.

## CAUSES OF ACTION

### Failure to Pay Minimum Wage and Failure to Pay Overtime

19. Coleman incorporates all allegations contained in paragraphs 1-18.

20. Neither Coleman nor the Members of the Class were compensated for all hours worked. The Company's practice of failing to pay Coleman and Members of the Class for all hours worked was and is a violation of the FLSA.

21. Although Coleman and the Members of the Class routinely worked more than forty (40) hours per week, neither Coleman nor the Members of the Class were compensated at one-and-one-half times their regular rate for all such hours. The Company's practice of failing to pay Coleman and the Members of the Class all of their overtime pay for such hours was and is in violation of the FLSA.

22. Coleman and the Members of the Class are therefore entitled to overtime pay in an amount which is one-and-one-half times their appropriate regular rates for all hours worked over forty (40) hours in a workweek.

-6-

23.  Additionally, Coleman and the Members of the Class are entitled to an additional amount equal to all their unpaid wages and overtime wages as liquidated damages.

24.  Coleman and the Members of the Class are entitled to reasonable attorneys' fees and costs of this action. 29 U.S.C.A. § 216(b)(West 2010).

PRAYER

WHEREFORE, Michael Coleman requests that this Court award him and Members of the Class judgment against Defendant Regions Financial Corporation for:

a.  actual damages for the full amount of unpaid wages and unpaid overtime compensation;

b.  an amount equal to all unpaid wages and unpaid overtime compensation as liquidated damages;

c.  reasonable attorneys' fees, costs, and expenses of this action;

d.  pre-judgment interest and post-judgment interest at the highest rates allowable by law; and

e.  such other and further relief as Coleman may be allowed by law.

Respectfully submitted,

Mark Siurek
TBA# 18447900
Fed ID# 9417
3334 Richmond, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE   FOR   PLAINTIFF
MICHAEL COLEMAN

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3334 Richmond, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com


LAW OFFICE OF DOUGLAS B. WELMAKER
Douglas B. Welmaker
TBA# 00788641
Fed. ID# 17038
3334 Richmond, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
dwelmaker@warrensiurek.com

-8-